# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIAN ADAM TARKINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-24-1347-SLP |
| | ) |
| RICHARD WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

## O R D E R

Petitioner Adrian Adam Tarkington, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin. Judge Erwin entered a Report and Recommendation [Doc. No. 9] recommending the Court dismiss the Petition for lack of jurisdiction because it is a second or successive habeas petition filed without Tenth Circuit authorization. Petitioner timely filed an objection to the R. & R. *See* [Doc. No. 11]. The Court must make a de novo determination of the portions of the R. & R. to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner previously sought habeas relief under 28 U.S.C. § 2254, and this Court dismissed the Petition as untimely. *See Tarkington v. Martin*, Case No. CIV-18-632-SLP (W.D. Okla. June 27, 2018). As set forth in the R. & R., Petitioner did not seek or receive authorization from the Tenth Circuit Court of Appeals before filing this action. *See In re*

*Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization."); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In this action, Petitioner claims the State failed to disclose impeachment evidence about three prosecution witnesses, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Judge Erwin recommends the Court dismiss the Petition as an unauthorized second or successive § 2254 petition because "the evidence [Petitioner] relies on existed at the time he filed his first habeas Petition." [Doc. No. 9] at 4; *see also Dopp v. Martin*, 750 F. App'x 754, 757 (10th Cir. 2018) ("[A] successive § 2254 application does not require [the Tenth Circuit's] authorization if the claim asserted was not ripe at the time the prisoner filed his first habeas application."). In his Objection, Petitioner claims "[t]he factual basis for [his] claim did not exist in [his] mind prior to filing any previous direct appeals, applications for post-convictions or petitions for writ of habeas corpus." [Doc. No. 11] at 2.

Petitioner cites impeachment evidence about three prosecution witnesses, claiming: (1) witness A.R. "committed a felony at the end of June 2012 and beginning of July 2012"; (2) witness Rivera "was convicted of a felony on June 25, 2012," and the state issued a bench warrant for her "on November 25, 2012 because of probationary rule violations"; and (3) witness B.S. committed a crime on May 24, 2013, was "formally charged on August 11, 2014," and "pled guilty to the charge on November 10, 2015." [Doc. No. 1] at 46, 50.

Petitioner filed his first habeas Petition on June 27, 2018.  *See Tarkington v. Martin*, Case No. CIV-18-632-SLP (W.D. Okla. June 27, 2018).  Upon de novo review, the Court agrees the Court lacks jurisdiction over this successive § 2254 action.

Nevertheless, the Court may transfer an unauthorized second or successive § 2254 habeas application "if it is in the interest of justice." 28 U.S.C. § 1631; *see also In re Cline*, 531 F.3d at 1252.  As set forth above, Petitioner's previous § 2254 petition attacking the same judgment was dismissed as untimely.[1]  Further, Petitioner unsuccessfully sought post-conviction relief in state court on the *Brady* claim raised in this Petition.  The state court concluded the claim was procedurally barred because it could have been raised on direct review, *see* [Doc. No. 1-1] at 5, and the Oklahoma Court of Criminal Appeals affirmed, *see* [Doc. No. 1-2].  Finally, nothing in the Petition suggests Petitioner could satisfy the statutory requirements for filing a successive § 2254 petition.  His *Brady* claim does not "rel[y] on a new rule of constitutional law" that is retroactively applicable to habeas actions, nor is there any suggestion "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2).  Under the circumstances, it is not in the interests of justice to transfer this action.

IT IS THEREFORE ORDERED that the R. & R. [Doc. No. 9] is ADOPTED in its entirety, and this matter is DISMISSED WITHOUT PREJUDICE.  A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

---

[1] Petitioner's *Brady* claim was not included in his first § 2254 petition.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that reasonable jurists would not debate the correctness of the Court's determination.  The Court therefore denies a COA.

IT IS SO ORDERED this 13th day of February, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE